9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Douglas MORSE, Appellant,
v.
FORD MOTOR CO., Appellee.
 No. 93-1046MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1993.
Filed: October 22, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an action for breach of contract brought by Douglas Morse against Ford Motor Company. The contract, a conciliation agreement arising out of an employment-discrimination dispute, obliged Ford "to offer [Morse] the employment for which he applied in the first position available after laid-off employees had been recalled." The District Court[1] held that the language was ambiguous, and that it did not address whether Morse had a duty to keep Ford informed of changes of address, and whether Morse, when a position became available for him, would have to go through ordinary application procedures, including filling out an application form and submitting to a drug test. The Court found that Morse had a duty to keep Ford advised as to his whereabouts, and that Ford did not have to hire Morse without putting him through routine pre-employment procedures. It further found that Morse failed to keep Ford advised of his whereabouts, and that, upon taking a pre-employment drug test, he tested positive for cocaine. Ford then refused to hire Morse, and Morse claims that this was a breach of contract.
 
 
 2
 The District Court rejected this claim in a full, clearly written opinion. We have little to add. It is true that Ford lost Morse's file, and that, when it did try to find Morse in 1988, there were fairly obvious steps that it did not take. Morse himself was responsible for the difficulty in finding him, however. In addition, there is no showing that the difficulty that prevented Morse from being hired cocaine use would not have been equally a problem earlier. The judgment is Affirmed.
 
 
 
 [1]
 The Hon. Diana E. Murphy, United States District Judge for the District of Minnesota (now Chief Judge)